## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 6:16-CV-2197-PGB- KRS<br>) **(LEAD CASE)** |
| BATH & BODY WORKS DIRECT, INC., | )<br>)<br>) |
| Defendant. | )<br>) |
| SYMBOLOGY INNOVATIONS, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 6:16-CV-2199- PGB- KRS<br>) |
| DARDEN CORPORATION D/B/A OLIVE GARDEN, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | )<br>) |

### DEFENDANT DARDEN CORPORATION'S
### ANSWER TO PLAINTIFF SYMBOLOGY INNOVATIONS, LLC'S
### COMPLAINT FOR ALLEGED INFRINGEMENT OF PATENT

Defendant Darden Corporation ("Darden"),[1] by and through its attorneys, for its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Symbology") Complaint for Alleged Infringement of Patent ("Complaint"), states as follows:

---

[1] Darden Corporation does not do business as "Olive Garden." Olive Garden is a brand operated by GMRI, Inc., a subsidiary of Darden Restaurants, Inc.

## NATURE OF THE ACTION

1. Darden admits that the Complaint purports to state claims against Darden under the patent laws of the United States, Title 35 of the United States Code regarding the alleged infringement of U.S. Patent Nos. 8,424,752 ("the 752 Patent"); 8,651,369 ("the 369 Patent"); 8,936,190 ("the 190 Patent"); and 7,992,773 ("the 773 Patent") (collectively, "the Patents-in-Suit"), but denies the legal sufficiency of Symbology's claims and allegations. Darden admits that Symbology seeks injunctive relief as well as damages, attorney fees, and costs, but denies the legal sufficiency of Symbology's alleged entitlement to such relief.

## THE PARTIES

2. Darden lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3. Darden admits that is a Delaware corporation with its principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837. Darden further admits that it may be serviced with process at Corporate Creations Network, Inc., 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410.

## JURISDICTION AND VENUE

4. Darden admits that this Court has subject matter jurisdiction over the claims in Symbology's Complaint, but denies the legal sufficiency of those claims.

5. Darden admits that this Court has personal jurisdiction over Darden, and that it has employees and offices in Florida. Darden denies the remaining allegations of Paragraph 5 of the Complaint.

6. Darden admits that this Court has personal jurisdiction over Darden, and that it has employees, offices, and restaurants in Florida. Darden denies the remaining allegations of Paragraph 6 of the Complaint.

7. Darden admit that it conducts business in Florida, but denies that it does so in a manner that infringes the Patents-in-Suit in this or in any other judicial district.

8. Darden admit that it conducts business in Florida, but denies that it does so in a manner that infringes the Patents-in-Suit in this or in any other judicial district.

9. Darden admit that it conducts business in Florida, but denies that it does so in a manner that infringes the Patents-in-Suit in this or in any other judicial district.

10. Darden admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

### (752 Patent)

11. Darden admits that the 725 Patent is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device," and lists April 23, 2013 as its date of issuance. Darden denies the remaining allegations of Paragraph 11 of the Complaint.

12. Darden lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13. Darden admits that the 752 Patent contains three independent claims and twenty-five dependent claims, but denies that any of the 752 Patent claims are valid and/or enforceable. Darden denies the remaining allegations of Paragraph 13 of the Complaint.

14. Darden admits that the claims of the 752 Patent define the scope of the alleged invention described in the 752 Patent. Darden denies the remaining allegations of Paragraph 14 of the Complaint.

### (369 Patent)

15. Darden admits that the 369 Patent is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device," and lists February 18, 2014 as its date of issuance. Darden denies the remaining allegations of Paragraph 15 of the Complaint.

16. Darden lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations.

17. Darden admits that the 369 Patent contains three independent claims and twenty-five dependent claims, but denies that any of the 369 Patent claims are valid and/or enforceable. Darden denies the remaining allegations of Paragraph 17 of the Complaint.

18. Darden admits that the claims of the 369 Patent define the scope of the alleged invention described in the 369 Patent. Darden denies the remaining allegations of Paragraph 18 of the Complaint.

### (190 Patent)

19. Darden admits that the 190 Patent is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device," and lists January 20, 2015 as its date of issuance. Darden denies the remaining allegations of Paragraph 19 of the Complaint.

- 5 -

20. Darden lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies those allegations.

21. Darden admits that the 190 Patent contains three independent claims and seventeen dependent claims, but denies that any of the 190 Patent claims are valid and/or enforceable. Darden denies the remaining allegations of Paragraph 21 of the Complaint.

22. Darden admits that the claims of the 190 Patent define the scope of the alleged invention described in the 190 Patent. Darden denies the remaining allegations of Paragraph 22 of the Complaint.

### (773 Patent)

23. Darden admits that the 773 Patent is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device," and lists January 20, 2015 as its date of issuance. Darden denies the remaining allegations of Paragraph 23 of the Complaint.

24. Darden lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies those allegations.

25. Darden admits that the 773 Patent contains three independent claims and fifteen dependent claims, but denies that any of the 773 Patent claims are valid and/or enforceable. Darden denies the remaining allegations of Paragraph 25 of the Complaint.

26. Darden admits that the claims of the 773 Patent define the scope of the alleged invention described in the 773 Patent. Darden denies the remaining allegations of Paragraph 26 of the Complaint.

## COUNT I
## Alleged Infringement of the 752 Patent

27. Darden repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 26 of the Complaint.

28. Darden denies the allegations of Paragraph 28 of the Complaint.

29. Darden admits that it became aware of the 752 Patent when it was served with the Complaint, but denies that remaining allegations of Paragraph 29 of the Complaint.

30. Darden denies the allegations of Paragraph 30 of the Complaint.

31. Darden admits that it has used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations of its business set forth in Paragraph 31 of the Complaint.

32. Darden admits that it has used QR codes on its advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 32 of the Complaint.

33. Darden admits that it has used QR codes on its advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 33 of the Complaint.

34. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 34 of the Complaint. Darden denies the remaining allegations of Paragraph 34 of the Complaint.

35. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 35 of the Complaint. Darden denies the remaining allegations of Paragraph 35 of the Complaint.

36. Darden denies the allegations of Paragraph 36 of the Complaint.

37. Darden denies the allegations of Paragraph 37 of the Complaint.

38. Darden denies the allegations of Paragraph 38 of the Complaint.

39. Darden denies the allegations of Paragraph 38 of the Complaint.

## COUNT II
## Alleged Infringement of the 369 Patent

40. Darden repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 39 of the Complaint.

41. Darden denies the allegations of Paragraph 41 of the Complaint.

42. Darden admits that it became aware of the 369 Patent when it was served with the Complaint, but denies that remaining allegations of Paragraph 42 of the Complaint.

43. Darden denies the allegations of Paragraph 43 of the Complaint.

44. Darden admits that it has used QR codes on advertisements for Darden.  Darden denies the remainder of the characterizations of its business set forth in Paragraph 44 of the Complaint.

45. Darden admits that it has used QR codes on advertisements for Darden.  Darden denies the remainder of the characterizations set forth in Paragraph 45 of the Complaint.

46. Darden admits that it has used QR codes on advertisements for Darden.  Darden denies the remainder of the characterizations set forth in Paragraph 46 of the Complaint.

47. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 47 of the Complaint.  Darden denies the remaining allegations of Paragraph 47 of the Complaint.

48. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 48 of the Complaint. Darden denies the remaining allegations of Paragraph 48 of the Complaint.

49. Darden denies the allegations of Paragraph 49 of the Complaint.

50. Darden denies the allegations of Paragraph 50 of the Complaint.

51. Darden denies the allegations of Paragraph 51 of the Complaint.

52. Darden denies the allegations of Paragraph 52 of the Complaint.

## COUNT III
## Alleged Infringement of the 190 Patent

53. Darden repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 52 of the Complaint.

54. Darden denies the allegations of Paragraph 54 of the Complaint.

55. Darden admits that it became aware of the 190 Patent when it was served with the Complaint, but denies that remaining allegations of Paragraph 55 of the Complaint.

56. Darden denies the allegations of Paragraph 56 of the Complaint.

57. Darden admits that it has used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations of its business set forth in Paragraph 57 of the Complaint.

58. Darden admits that it used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 58 of the Complaint.

59. Darden admits that it used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 59 of the Complaint.

60. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 60 of the Complaint. Darden denies the remaining allegations of Paragraph 60 of the Complaint.

61. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 61 of the Complaint. Darden denies the remaining allegations of Paragraph 61 of the Complaint.

62. Darden denies the allegations of Paragraph 62 of the Complaint.

63. Darden denies the allegations of Paragraph 63 of the Complaint.

64. Darden denies the allegations of Paragraph 64 of the Complaint.

65. Darden denies the allegations of Paragraph 65 of the Complaint.

## COUNT IV
## Alleged Infringement of the 773 Patent

66. Darden repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 65 of the Complaint.

67. Darden denies the allegations of Paragraph 67 of the Complaint.

68. Darden admits that it became aware of the 773 Patent when it was served with the Complaint, but denies that remaining allegations of Paragraph 68 of the Complaint.

69. Darden denies the allegations of Paragraph 69 of the Complaint.

70. Darden admits that it has used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations of its business set forth in Paragraph 70 of the Complaint.

71. Darden admits that it used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 71 of the Complaint.

72. Darden admits that it used QR codes on advertisements for Darden. Darden denies the remainder of the characterizations set forth in Paragraph 72 of the Complaint.

73. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 73 of the Complaint. Darden denies the remaining allegations of Paragraph 73 of the Complaint.

74. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 74 of the Complaint. Darden denies the remaining allegations of Paragraph 74 of the Complaint.

75. Darden admits that it uses QR codes, but denies Plaintiff's characterization of the process by which its QR codes are read as alleged Paragraph 75 of the Complaint.

76. Darden denies the allegations of Paragraph 76 of the Complaint.

77. Darden denies the allegations of Paragraph 77 of the Complaint.

78. Darden denies the allegations of Paragraph 78 of the Complaint.

79. Darden denies the allegations of Paragraph 79 of the Complaint.

## DEMAND FOR JURY TRIAL

80. Darden admits that Symbology demands a trial by jury on all issues so triable. Darden likewise requests a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

81. Darden denies that Symbology is entitled to any of the relief sought in its Prayer for Relief, including subparts (a)-(f).

## AFFIRMATIVE DEFENSES

Darden asserts the following affirmative defenses to Symbology's claims. The assertion of an affirmative defense is not a concession that Darden has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE

Symbology's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Darden does not infringe and has not infringed any valid and enforceable claim of the Patents-in-Suit literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

### THIRD AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Any claim by Symbology for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Symbology is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint.

## COUNTERCLAIMS

Defendant and Counterclaimant Darden Corporation ("Darden"), by and through its attorneys, hereby counterclaims as follows against Symbology Innovations, LLC ("Symbology"):

## NATURE AND BASIS OF ACTION

1. The Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Darden does not infringe any valid, enforceable claim of U.S. Patent Nos. 8,424,752 ("the 752 Patent"); 8,651,369 ("the 369 Patent"); 8,936,190 ("the 190 Patent"); and 7,992,773 ("the 773 Patent") (collectively, "the Patents-in-Suit"), and that the Patents-in-Suit are invalid.

## THE PARTIES

2. Darden is a Delaware corporation with its principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837.

3. According to Paragraph 2 of Symbology's Complaint, Symbology is a Texas corporation with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this case arises under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

5. This Court has personal jurisdiction over Symbology because Symbology has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT OF THE 752 PATENT

7. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

8. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to Darden's alleged infringement of the 752 Patent.

9. Darden has not infringed any valid claim of the 752 Patent literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

10. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 752 Patent is not, and has not been, infringed by Darden.

## COUNT TWO
## DECLARATION OF NON-INFRINGEMENT OF THE 369 PATENT

11. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

12. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to Darden's alleged infringement of the 369 Patent.

13. Darden has not infringed any valid claim of the 369 Patent literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 369 Patent is not, and has not been, infringed by Darden.

## COUNT THREE
## DECLARATION OF NON-INFRINGEMENT OF THE 190 PATENT

15. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

16. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to Darden's alleged infringement of the 190 Patent.

17. Darden has not infringed any valid claim of the 190 Patent literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

18. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 190 Patent is not, and has not been, infringed by Darden.

## COUNT FOUR
## DECLARATION OF NON-INFRINGEMENT OF THE 773 PATENT

19. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

20. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to Darden's alleged infringement of the 773 Patent.

21. Darden has not infringed any valid claim of the 773 Patent literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

22.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 773 Patent is not, and has not been, infringed by Darden.

## COUNT FIVE
## DECLARATION OF INVALIDITY OF THE 752 PATENT

23.     Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

24.     By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to the validity of the 752 Patent.

25.     One or more claims of the 752 Patent are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

26.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 752 Patent is invalid.

## COUNT SIX
## DECLARATION OF INVALIDITY OF THE 369 PATENT

27.     Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

28.     By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to the validity of the 369 Patent.

29.     One or more claims of the 369 Patent are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 369 Patent is invalid.

## COUNT SEVEN
## DECLARATION OF INVALIDITY OF THE 190 PATENT

31. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

32. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to the validity of the 190 Patent.

33. One or more claims of the 190 Patent are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

34. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 190 Patent is invalid.

## COUNT EIGHT
## DECLARATION OF INVALIDITY OF THE 773 PATENT

35. Darden hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

36. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Darden and Symbology with respect to the validity of the 773 Patent.

37. One or more claims of the 773 Patent are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Darden is entitled to a declaration that the 773 Patent is invalid.

## RESERVATION OF RIGHTS

Darden reserves the right to add any additional defenses or counterclaims that discovery might reveal.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, Darden prays that:

(1) Symbology take nothing by its Complaint;

(2) Symbology's Complaint be dismissed in its entirety with prejudice and judgment be entered for Darden and against Symbology on each and every count of the Complaint;

(3) The Court enter a declaratory judgment that Darden does not infringe any valid claim of the Patents-in-Suit literally, directly, under the doctrine of equivalents, or under any other grounds that Symbology may assert;

(4) The Court enter a declaratory judgment that the Patents-in-Suita\ are invalid;

(5) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Darden its reasonable attorney fees in this action;

(5) All costs be taxed against Symbology; and

(6) Darden be granted such other different and additional relief as this Court deems just and proper.

Respectfully submitted, this 23rd day of March, 2017.

By:  /s/ *Holly Hawkins Saporito*

Robert L. Lee, Esq.
Georgia Bar. No. 443978
bob.lee@alston.com
(admitted *pro hac vice*)
Holly Hawkins Saporito, Esq.
Georgia Bar No. 142496
holly.saporito@alston.com
(admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

Katrina Lindsey
Florida Bar No. 186708
klindsey@darden.com
DARDEN RESTAURANTS, INC.
1000 Darden Center Dr.
Orlando, FL 32837-4032
Telephone: 407-245-5086
Facsimile:  407-241-7254

***Counsel for Defendant
Darden Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2017, I filed **DEFENDANT DARDEN CORPORATION'S ANSWER TO PLAINTIFF SYMBOLOGY INNOVATIONS, LLC'S COMPLAINT FOR ALLEGED INFRINGEMENT OF PATENT**, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

By: */s/ Holly Hawkins Saporito*
Holly Hawkins Saporito, Esq.
Georgia Bar No. 142496
holly.saporito@alston.com
(admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

***Counsel for Defendant Darden Corporation***