# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Symbology Innovations LLC**
**Plaintiff**,

v.                                        **Case No. 6:16-cv-02197-PGB-KRS (Lead Case)**

**Bath & Body Works Direct, Inc.**

**Defendant**.

## Case Management Report in Patent Cases

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [no later than date of Preliminary Pretrial Conference] | 5/22/17 |
| **Certificate of Interested Persons** and Corporate Disclosure Statement [within 1 week of above if not already completed] | 5/15/17 |
| **Motions to Add Parties** or Amend Pleadings [3 months after CMR meeting] | 8/8/17 |
| **Disclosure** of Infringement Contentions [1 month after CMR meeting] | 6/8/17 |
| **Disclosure** of Non-Infringement and Invalidity Contentions [ within 1 month of above] | 8/10/17 |
| **Initial Identification** of Disputed Claim Terms [within 1 month of above] | 9/11/17 |
| **Proposed Claim** Term Constructions [within 1 month of above] | 10/11/17 |
| **Joint Claim** Construction Statement [within 2 weeks of above] | 10/25/17 |

1

| | |
|---|---|
| **Technology Tutorial** Conference [within 2 – 4 weeks of above] | 11/15/17 |
| **Plaintiff's Claim Construction Brief** [within 1 month of above] | 12/13/17 |
| **Defendant's Response Brief** [within 1 month of above] | 1/10/18 |
| **Joint Pre-Hearing Statement** [within 1 week of above] | 1/17/18 |
| **Claim Construction Hearing** [within 3 weeks of above] | 2/7/18 |
| **Disclosure of Intent** to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof [no sooner than 3 months and no later than 5 months of above] | 6/27/18 |
| **Disclosure of Rebuttal Expert Reports** [within 1 month of above] | 7/25/18 |
| **Fact Discovery Deadline** [within 2 months of Amendments] | 8/29/18 |
| **Expert Discovery Deadline** [within 1 month of above] | 10/26/18 |
| **Dispositive Motions** [within 2 months of above and at least 4 – 5 months prior to trial] | 11/21/18 |
| Parties' Deadline to **Meet and Confer** *In Person* to Prepare Joint Final Pretrial Statement [10 days prior to deadline for the final pretrial statement] | Pending Trial Date |
| Parties' Deadline for Filing **Joint Final Pretrial Statement** (*Including* Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to: chambers_FLMD_Byron@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); Trial Briefs | Pending Trial Date |
| Parties' Deadline for Filing **All Other Motions** Including Motions *In Limine* [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court. | Pending Trial Date |
| **Final Pretrial Conference** [Court will set a date approximately 3 weeks before trial] | Pending Trial Date |
| **Trial Term Begins** [Local Rules set goal of trial within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such is waived.] | Pending Trial Date |

| | |
|---|---|
| Estimated **Length of Trial** [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |
| **MEDIATION**                          Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is mandatory; either 2 -3 months after CMR meeting or just after discovery deadline] | 11/15/2018<br>Parties will be discussing potential mediators and will submit a proposal to this Court no later than 60 days before the mediation deadline. |
| All Parties **Consent to Proceed Before Magistrate Judge** | Yes___ No_X_<br>Likely to Agree in Future_____ |

## I.     Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on May 5th, 2017  at counsel for Plaintiff's offices at 390 N. Orange Ave, Orlando, Florida at 12:00pm and was attended by**:**
**In person:**
**Judith M. Mercier, counsel for Northern Trust Company**
**Jean G Vidal and Sonia Colon, counsel for Symbology Innovations LLC**

**By phone:**
**Eugenio Torres, counsel for Symbology Innovations LLC**
**Eleanor Barnett and Theresa Dawson, counsel for Circle K and Mattel, Inc.[1]**
**Margaret Duncan, counsel for Northern Trust Company**

**                    Name                                            Counsel for (if applicable)**

## II.     Pre-Discovery Initial Disclosures of Core Information
     Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

---

[1] Counsel Barnett did travel to Orlando to attend in-person, but due to circumstances beyond her control, her flight was delayed and so she joined the meeting by telephone from the Orlando International Airport.

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by 5/22/17.

Below is a description of information disclosed or scheduled for disclosure.

## III.  Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__ no party anticipates disclosure or discovery of ESI in this case;
_X_ one or more of the parties anticipate disclosure or discovery of ESI in this case.
If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed[2]:
A. The form or forms in which ESI should be produced.
B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.
C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.
D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.
E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.
F. Any issues relating to preservation of discoverable ESI.
G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.
H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

**The Parties agree to the terms in the proposed E-Discovery Order (attached as <u>Exhibit A</u>).**

---

[2] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26(f) and Rule 16.

If there are disputed issues specified above, or elsewhere in this report, (check one):

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

__X_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A.    Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, nonparty movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper "including emergency motion" is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:__X____ Yes _____ No

Amended Certificate will be filed by _____ (party) on or before _____ date).

### B.    Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

The parties agree to accept service of discovery requests and responses via electronic mail.

Unless good cause is shown the Parties shall not be required to log any privileged documents created on or after the commencement of the lawsuits.

### C. Limits on Discovery

The parties stipulate to the following limits on discovery:

a)      Plaintiff may serve up to 10 common interrogatories as to all consolidated Defendants, and an additional 15 interrogatories separately on each Defendant. The consolidated Defendants may collectively serve up to 10 common interrogatories on Plaintiff, and each Defendant may serve separately up to 15 additional interrogatories on Plaintiff;

b)      There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such. In addition, Plaintiff may serve up to 30 common requests for admission as to all consolidated Defendants and an additional 15 requests for admission separately on each Defendant. Similarly, the consolidated Defendants may collectively serve up to 30 common requests for admission on Plaintiff, and each Defendant may serve separately up to 15 requests for admission on Plaintiff;

c)      Depositions of 30(b)(6) representatives and/or employees of the parties. No one entity or its employees may be deposed more than 30 hours collectively;

d)      There are no limits on the number of depositions upon written questions of custodians of business records for third parties taken pursuant to Rule 31;

e)      Each party may take up to 60 hours of nonparty depositions; and

f)      Each party may take up to seven (7) hours of deposition testimony of an opposing party's expert for each issue (e.g., validity, infringement, damages) addressed by that expert in their report.

Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. Time toward the daily limit of seven (7) hours will count whether used in direct examination or cross-examination of any witness. Unless otherwise agreed, depositions of defendants and their employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties.  Counsel should confer in advance to schedule depositions at mutually convenient times and places.

Any party may later move to modify these limitations for good cause.

**D.      Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**E. Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

Each party is limited to three testifying experts at trial per opposing party.

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record. The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The Parties are working together to prepare a joint stipulated protective order. The Parties agree not to propound discovery until such stipulated protective order is entered.**

### G.      Other Matters Regarding Discovery

## VI. Settlement and Alternative Dispute Resolution.

### A. Settlement

The parties agree that settlement is _____ likely ___X___ unlikely (check one)
The parties request a settlement conference before a United States Magistrate Judge

___yes _X_no __likely to request in future

### B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

__yes __no _X_likely to agree in future

_____ Binding _____ Non-Binding

### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov

### D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

By: */s/ Sonia Colon*
Sonia Colon
USDC No. 0050475
Ferraiuoli LLC
Bank of America Bldg.
390 N. Orange Avenue
Suite 2300
Orlando, FL 32801
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**Symbology Innovations, LLC**

*/s/ Eleanor T. Barnett, Esq.*
Eleanor T. Barnett, Esq.
Fla. Bar No. 0355630
Waldman Barnett, P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL 33133
Phone: 305-371-8809
Email: ebarnett@waldmanbarnett.com
Fax: 305-448-4155

**ATTORNEYS FOR DEFENDANTS**
**Circle K Stores, Inc. and Mattel, Inc.**

*/s/ Judith M. Mercier*
Judith M. Mercier (Fla. Bar No. 0032727)
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Orlando, Florida 32801
Telephone: (407) 244-5151
Email: judy.mercier@hklaw.com

**ATTORNEYS FOR DEFENDANT**
**The Northern Trust Company**